IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Jerome Brown, | ) | C/A No. 0:11-1495-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leroy Cartledge, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Anthony Jerome Brown ("Brown"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 15.) Brown filed a response in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court finds that Brown's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Brown was indicted in November 2001 in Charleston County for second degree burglary (01-GS-10-7001). (App. at 383, ECF No. 13-11 at 128.) Brown was represented by Sherry Crummey, Esquire, and Leslie Sarji, Esquire, and on November 26-27, 2001 was tried by a jury and found guilty as charged. (App. at 284, ECF No. 13-11 at 29.) The circuit court sentenced Brown to life imprisonment. (App. at 290, ECF No. 13-11 at 35.)

Brown timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense, who filed a final brief on Brown's behalf on March 3, 2003. (ECF No. 13-1.) On November 24, 2003 the South Carolina Court of Appeals affirmed Brown's conviction. (ECF No. 13-3.) The remittitur was issued on December 10, 2003. (ECF No. 13-4.)

Brown filed a *pro se* application for post-conviction relief ("PCR") on November 17, 2004. (Brown v. State of South Carolina, 04-CP-10-4775, App. at 294-300, ECF No. 13-11 at 39-45.) The State filed a return. (App. at 301-06, ECF No. 13-11 at 46-51.) Through appointed counsel Ellen Howard Bentz, Esquire, Brown filed an amended application on July 28, 2006. (App. at 307, ECF No. 13-11 at 52.) On October 2, 2006, the PCR court held an evidentiary hearing at which Brown appeared and testified. (App. at 308-67, ECF No. 13-11 at 53-112.) By order filed November 1, 2006, the PCR judge denied and dismissed with prejudice Brown's PCR application. (App. at 368-78, ECF No. 13-11 at 113-23.)

In his PCR appeal, Brown was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney for the South Carolina Office on Indigent Defense, who filed a petition for a writ of certiorari on Brown's behalf on June 28, 2007. (ECF No. 13-5.) The State filed a return. (ECF No. 13-6.) In a letter order dated February 21, 2008, the South Carolina Supreme Court denied Brown's petition for a writ of certiorari. (ECF No. 13-7.) The remittitur was issued March 10, 2008. (ECF No. 13-8.) Brown filed the instant Petition for a writ of habeas corpus on June 15, 2011.[1] (ECF No. 1.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



# DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Brown's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Brown filed a direct appeal, his conviction became final on December 10, 2003, the date the South Carolina Court of Appeals entered the remittitur.[2] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on December 11, 2003 and expired on December 10, 2004, unless the period was at any time tolled for any properly filed state PCR application or other collateral review. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997,

---

[2] Because Brown did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (unpublished); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260–61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Brown filed a state PCR application on November 17, 2004. At that point, 343 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of Brown's PCR action until March 10, 2008, when the South Carolina Supreme Court issued the remittitur from its order denying Brown's certiorari petition. At this time, Brown had twenty-two days of statutory time remaining, which means that Brown had until April 1, 2008 to file a timely federal habeas corpus petition. Brown's federal Petition was filed on June 15, 2011—over three years after the expiration of the statute of limitations.

In his opposition memorandum to the Respondent's motion, Brown advances no argument or authority refuting the respondent's evidence regarding the untimeliness of his Petition. (ECF No. 19.)

## RECOMMENDATION

Based upon the foregoing, the court finds that Brown's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 14) be granted and Brown's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 5, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).