IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony Jerome Brown, | ) | Civil Action No.: 0:11-cv-01495-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Leroy Cartledge, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent filed his return, along with a motion for summary judgment. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate recommends that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely.

**Factual Background and Procedural History**

Petitioner was indicted in November 2001 in Charleston County on a charge of second-degree burglary. He was represented at trial by Sherry Crummey and Leslie Sarji, and a jury found him guilty as charged. The circuit court sentenced him to life imprisonment without parole, as required by a South Carolina recidivism statute, because of two previous armed robbery convictions. Petitioner filed a direct appeal to the South Carolina Court of Appeals, which affirmed his conviction.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Petitioner did not petition the South Carolina Supreme Court for a writ of certiorari, and the South Carolina Court of Appeals issued remittitur on December 10, 2003.

Petitioner filed an application for post-conviction relief ("PCR") on November 17, 2004, alleging he is being held unlawfully because (1) the circuit court lacked subject matter jurisdiction to impose his sentence, (2) his due process rights were violated, and (3) he had an ineffective assistance of trial counsel. On July 28, 2006, his application was amended to clarify the claims. After an evidentiary hearing, the PCR court dismissed his application *with prejudice* on November 6, 2006. The PCR court found Petitioner failed to meet his burden of proving that the circuit court lacked subject matter jurisdiction, that his due process rights were violated, and that his trial counsel was ineffective under the *Strickland* test.[2] The South Carolina Supreme Court denied certiorari on February 21, 2008, and remittitur was issued on March 10, 2008.

On June 15, 2011, Petitioner filed a Petition Under 28 U.S. § 2254 for Writ of Habeas Corpus, seeking a "[v]acation of the conviction and sentence or reduction in time." The grounds for his request were the lack of subject matter jurisdiction and ineffective assistance of counsel claims. Petitioner gave no explanation why his petition was not barred by the statute of limitations. Pet., ECF No. 1.

Respondent filed his return and a motion for summary judgment on September 23, 2011. He contended that Petitioner's petition is barred by the statute of limitations, that the subject matter jurisdiction issue is a matter of state law, and that the petition regardless is without merit. Petitioner, in his response to the motion for summary judgment, argued that the circuit court never obtained "subject matter jurisdiction under the common law" and that he was a sovereign within the meaning

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

of state and federal law. Subsequently, the Magistrate issued an R&R on April 5, 2012, recommending that the Court grant Respondent's motion and dismiss Petitioner's petition as untimely. R&R, ECF No. 25. Petitioner filed a timely objection to the R&R. Pet'r's Obj., ECF No. 33.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommends that the Court grant Respondent's motion for summary judgment and dismiss the petition as untimely. Petitioner's objection points out that he had a second collateral review proceeding in state court which tolled the statute of limitations. But neither this argument nor the evidence to support it was raised to the Court in his response to Respondent's motion for summary judgment.[3] Moreover, Petitioner did not allege a second collateral review proceeding in his petition before this Court. *See* Pet. 13. An objection to an R&R is not the proper device to introduce new arguments or evidence to the Court. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same). And, as noted above, Petitioner's failure to object properly to the Magistrate Judge's recommendation frees the Court of the duty to give an explanation for its adoption of the Magistrate Judge's R&R. *Camby*, 718 F.2d at 199. Out of an abundance of caution, however, the Court reviews the Magistrate Judge's recommendation for clear error.

Prisoners in state custody "pursuant to the judgment of a [s]tate court" must comply with a one-year statute of limitations in seeking a writ habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period begins to "run from the latest of":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by [s]tate action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such [s]tate action;

---

[3] Petitioner was properly notified of his right to respond the motion for summary judgment and the consequences of his failure to do so pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* However, the limitation period is tolled during the pendency of properly filed state PCR proceedings "with respect to the pertinent judgment or claim." *Id.* at § 224(d)(2); *see also Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (holding that state PCR proceedings toll the limitation period "from initial filing [until] final disposition by the highest state court"). In support of her conclusion, the Magistrate Judge notes 343 days passed from the expiration of the period to file a petition for a writ of certiorari to the South Carolina Supreme Court to when Petitioner filed his PCR application, which tolled the statute of limitations. After the South Carolina Supreme Court issued remittitur, Petitioner had twenty-two days—until April 1, 2008—to file his § 2254 petition. Petitioner, however, waited over three years to do so. *See* R&R 5. Nowhere in his petition is there any evidence of an event or impediment that would further toll or delay the statute of limitations. The Court, therefore, finds no clear error in the Magistrate Judge's recommendation.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is

5

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the petition, the motion for summary judgment, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment is **GRANTED**; and, therefore, that the § 2254 petition is **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

May 31, 2012
Florence, SC